FRANK DONEY, APPELLANT, v. MORRIS COUNTY TRACTION COMPANY, RESPONDENT.

Submitted July 10, 1916—Decided November 20, 1916.

Where the plaintiff's case presents the fact that he was riding as a passenger upon the wagon of another, who performed the part of driver of a team of horses, attached to the wagon; that the wagon was struck at a road crossing in the evening by defendant's trolley car, propelled at a speed of from twenty to twenty-five miles an hour on a down grade; that the plaintiff knew nothing of the danger, because he was so seated upon the back of the wagon as to be ignorant of the situation; that the trolley car at the time the wagon approached within view of the crossing was several hundred feet distant, and gave no signal of its approach until it was within seventy-five feet of the crossing —*Held*, a nonsuit directed under the circumstances was error.

---

On appeal from the Supreme Court.

For the appellant, *William C. Gebhardt.*

For the respondent, *King & Vogt.*

The opinion of the court was delivered by

MINTURN, J.   A nonsuit was granted at the Circuit upon the following facts presented by the plaintiff's case:   On a dark evening, while riding upon the wagon of another, who was driving a team of horses attached to the wagon along a public road, in the county of Morris, the wagon was struck at a cross-road by one of defendant's cars, proceeding down grade at a rapid rate of speed; and without giving any signal of its approach, the plaintiff, a boy nineteen years of age, received injuries from the collision which present the basis of his claim for damages in this suit.

At the time of the collision the plaintiff was seated upon the rear part of the wagon, and was so situated as to hide to some extent, at least, the view of the approaching car.   The only intimation he received of the approach of the car was the glimmer of the headlight, which he was unable to distinguish in intensity or character from the light which might be emitted by an automobile coming from the opposite direction. To him personally the situation presented no indication of probable danger, and he trusted to the driver of the team to exercise the necessary care and caution required for the situation.

A witness, who was seated with the driver and therefore was in a position to observe and depict the situation, thus presents it:   "The first that I heard of it (the car) was when it was very close on to us and we were on the track."   He saw the car when the wagon was approaching the crossing, and at that time the car was several hundred feet away, and coming down grade at from twenty to twenty-five miles an hour.   He thought they had sufficient time to cross or he would have left the wagon to avoid damage.   That the car gave no signal of its approach until about seventy-five feet from the crossing, and at that time the wagon was on the track and the collision was inevitable.

In the situation thus depicted, the legal status of the plaintiff was that of a passenger, and the rule of law applicable thereto required him to use due care for his safety under the circumstances. *New York, Lake Erie and Western Railroad v. Steinbrenner,* 47 *N. J. L.* 161; *Consolidated Traction Co. v. Behr,* 59 *Id.* 477.

Assuming the negligence of the driver, it was not imputable to the plaintiff, and the extent of his legal responsibility is the exercise of due care under the circumstances; or, as was said by Mr. Justice Depue in the Steinbrenner case, "some co-operating negligence" on his part which resulted in his injury.

The driver of the wagon had reached the crossing first, when the trolley car was several hundred feet distant, and he therefore had a legal right to assume that having the right of way the defendant would so control the speed of its car as to avoid injury to the wagon and its occupants. *Rabinowitz* v. *Hawthorne, ante p.* 308.

We find nothing of a character so clearly culpable in the plaintiff's conduct in this case as to charge him as a court question with contributory negligence.

The books are replete with road crossing cases, wherein this court has determined the rule to be, that where the case upon the entire evidence presents a debatable question of fact, as to the existence of contributory negligence, the issue is one for the jury. *Zindler* v. *Public Service Railway Co.,* 78 *N. J. L.* 536; *Quinn* v. *West Jersey Railway Co., Id.* 539; *Bradley* v. *Central Railroad of New Jersey,* 84 *Id.* 357; *Peterpolo* v. *Public Service Railway Co.,* 81 *Id.* 390; *Napodensky* v. *West Jersey Railroad Co.,* 85 *Id.* 336; *Snackenberg* v. *Delaware, Lackawanna and Western Railroad, ante p.* 311; *Rabinowitz* v. *Hawthorne, supra.*

*A fortiori* must this well-settled rule be applied, where, as in the case *sub judice,* the facts upon the *ex parte* proof of the plaintiff stand uncontroverted, and any deduction to be drawn therefrom must necessarily present a question of fact resolvable only by the jury.

The judgment will be reversed and a *venire de novo* will be awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.